UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                       )
                                        )      Chapter 7
KERRY SCOTT,                                 )
                                        )      Case No. 14-12965-bif
               Debtor.    )
                                        )

**OBJECTION OF CHAPTER 7 TRUSTEE TO DEBTOR'S MOTION TO CONVERT BANKRUPTCY CASE FROM A CHAPTER 7 TO A CHAPTER 13 MATTER**

Lynn E. Feldman, the Chapter 7 Trustee in the above-captioned bankruptcy case hereby objects to the Motion to Convert Bankruptcy Case from a Chapter 7 to a Chapter 13 Matter (the "Motion") filed by the debtor, Kerry Scott ("Debtor"), and represents as follows:

BACKGROUND

1. On April 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

2. In his petition, schedules and statement of financial affairs, the Debtor classified the case as a no asset case and swore under penalty of perjury that the documents he signed and filed enumerated a full and complete listing of his assets, income and expenses.

3. On April 16, 2014, Lynn E. Feldman was appointed as the Chapter 7 Trustee.

4. The Trustee attempted to conduct an initial meeting of creditors at which time the Debtor failed to produce required documentation. The meeting of creditors was ultimately held on June 4, 2014, wherein the Debtor disclosed his inherited interest in real estate located at 1900 and 1904 West Tioga Street, Philadelphia, PA 19104.

5. Through counsel's own admission, the Debtor failed to disclose the foregoing interest to counsel during the intake process and authorized the filing of the Debtor's schedules and statement of financial affairs notwithstanding the omission of the foregoing interest.

1

6. Based upon the ultimate disclosure of the Debtor's interest in these properties, on July 22, 2014, the Trustee filed a Notice of change from No-Asset to Asset Case and Request to Set Bar Date to file Claims.

7. The Meeting of Creditors was ultimately concluded on July 22, 2014.

8. On August 4, 2014, the Debtor filed the instant Motion in an effort to preserve his interest in the inherited properties and to allegedly propose a chapter 13 plan that would pay the Debtor's creditors 100% of their respective claims over the course of 60 months.

9. For the reasons set forth below, the Trustee objects to the Debtor's Motion.

## ARGUMENT

10. There is no absolute right to conversion of a Chapter 7 case to Chapter 13. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 S.Ct. 1105 (2007).

11. The Eastern District of Pennsylvania has stated that a court should consider the following factors in evaluating a §706(a) motion to convert from Chapter 7 to Chapter 13:

   a. whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors);

   b. whether the debtor can propose a confirmable chapter 13 plan;

   c. the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

   d. the effect of conversion on the efficient administration of the bankruptcy estate; and

   e. whether conversion would further an abuse of the bankruptcy process.

*In re Tufano*, 2011 Bankr. LEXIS 1399 (Bankr. M.D. Pa. 2011) (*citing In re Piccoli*, 2007 U.S. Dist. LEXIS 72533, 2007 WL 2822001, *7 (E.D. Pa. 2007)).

12. Under *Marrama*, bankruptcy courts have broad discretion in determining whether a debtor has acted in bad faith and that the presence of bad faith is sufficient ground to deny a debtor's motion to convert his or her case under Section 706 and 1307. *See Piccoli*, *supra*.

13. The *Marrama* court also held that 11 U.S.C. §105 is "surely adequate to authorize an immediate denial of a motion to convert filed under §706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors." *Marrama*, 549 U.S. at 375.

14. Most courts will not allow a contested conversion without some examination of the facts. *In re Pakuris*, 262 B.R. 330 (Bankr. E.D. Pa. 2001).

15. Indeed, the Debtor's good faith has been called into question due to his initial failure to disclose his inherited interest in the real properties. Thus, a review of the facts of the Debtor's case is appropriate, and the Debtor's Motion should be denied unless and until such determination takes place. *See*, *e.g*., *id*.

16. While the Debtor proposes to file a plan that will result in full recovery by his creditors, such plan has not been filed with the court and, thus, it cannot be adequately determined whether such plan would be confirmable.

17. Furthermore, under any such plan, creditors will not be paid in full for another 60 months; whereas, if the estate remains in a chapter 7, that will ensure prompt administration of the Debtor's estate.

18. A motion to convert is abusive when it is filed to frustrate the bankruptcy process, rather than implement the Congressional policy of repayment of creditors. *See In re Sully*, 223

B.R. 582, 585 (Bankr. M.D. Fla. 1998); *see also In re Tardiff*, 145 B.R. 357, 360 (Bankr. D. Me. 1992).

19.     Based on the totality of the circumstances that are present in this case, it appears that the Debtor is not converting to chapter 13 in good faith.

**WHEREFORE**, the Trustee requests that the Debtor's Motion be denied.

GELLERT SCALI BUSENKELL & BROWN, LLC

Dated: August 18, 2014          By:     /s/ Gary F. Seitz_____
Gary F. Seitz, Esquire
The Curtis Center
601 Walnut Street, Suite 280 South
Philadelphia, PA 19106
Phone: 215-238-0010
Email: gseitz@gsbblaw.com

Counsel for the Chapter 7 Trustee